UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60956-KMM

ANIMACCORD LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff Animaccord Ltd.'s ("Plaintiff" or "Animaccord") Renewed *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. ("Mot.") (ECF No. 23). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to Plaintiff's request for a preliminary injunction. (ECF No. 25). Magistrate Judge Louis issued a Report and Recommendation recommending that the Motion be GRANTED. ("R&R") (ECF No. 39). No objections to the R&R were filed, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.     BACKGROUND**[1]

On March 13, 2023, Plaintiff filed an Amended Complaint which alleges that Defendants are "promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Animaccord's trademarks and copyrighted works within this district through various Internet based e-commerce stores and fully interactive commercial Internet

---

[1] The following facts are taken from the Amended Complaint. ("Compl.") (ECF No. 22).

websites." Plaintiff brings claims for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, common law trademark infringement and federal copyright infringement.

On June 23, 2023, the Court granted Plaintiff's request for a temporary restraining order ("TRO"). (ECF No. 25). In so doing, the Court summarized the relevant facts as detailed below. These facts remain uncontested as Defendants have not appeared in this case and did not appear before Magistrate Judge Louis at the Evidentiary and Preliminary Injunction Hearing.

Plaintiff is the owner of certain federally registered trademarks and copyrights associated with "Masha and the Bear," an internationally famous children's television series. This case concerns four of Plaintiff's trademarks[2] and eleven of Plaintiff's copyrights.[3]

Defendants are unknown individuals, business entities, or unincorporated associations who use, or assist others in using, commercial internet websites and e-commerce stores operating under certain eBay seller names set forth in Schedule "A" of the TRO (hereinafter "Seller ID's"). Plaintiff contends that Defendants either reside in or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, or ship their goods from the same or similar locations to shipping and fulfillment centers within the United States from those locations. According to Plaintiff, Defendants are the "past and present controlling forces" behind the sale of

---

[2] Plaintiff's trademarks are as follows: Trademark No. 4,790,906, registered on August 11, 2015; Trademark No. 4,790,909, registered on September 11, 2015; Trademark No. 5,420,550, registered on March 13, 2018; and Trademark No. 4,800,025, registered on August 25, 2015. (ECF No. 23-1) at 7–14.

[3] Plaintiff's copyrights are as follows: Copyright No. VA 1-835-810, registered on Aug. 21, 2012; Copyright No. PA 1-813-099, registered on July 12, 2012; Copyright No. PA 1-813-100, registered on July 12, 2012; Copyright No. PA 1-813-101, registered on July 12, 2012; Copyright No. PA 1-813-102, registered on July 12, 2012; Copyright No. PA 1-813-103, registered on July 12, 2012; Copyright No. TX 8-552-180, registered on December 27, 2017; Copyright No. TX 8-537-380, registered on December 27, 2017; Copyright No. TX 8-588-442, registered on August 14, 2017; Copyright No. TX 8-431-770, registered on June 23, 2017; and Copyright No. TX 8-444-776, registered on August 7, 2017. (ECF No. 23-1) at 15.

the counterfeit and infringing products, and use aliases, including those listed in Schedule "A," in conjunction with the operation of their businesses.

Plaintiff alleges that Defendants—knowingly and intentionally, and without Plaintiff's consent or authorization—promote and otherwise advertise, distribute, sell or offer for sale, through their respective Seller ID's, nongenuine goods of a substantially different quality from Plaintiff's genuine goods, bearing or using counterfeit or confusingly similar infringing imitations of Plaintiff's trademarks and copyrights.

According to Plaintiff, Defendants engage in their infringing and counterfeiting activities through the operation of internet-based e-commerce stores. Specifically, Plaintiff claims that Defendants use its trademarks to attract and direct online customers to Defendants' websites and e-commerce stores where they conduct this infringing activity. Plaintiff claims that Defendants sell their counterfeit goods with the knowledge and intent that these goods will be mistaken for Plaintiff's genuine goods, despite Defendants' knowledge that they are not authorized to do so.

Plaintiff contends that Defendants are properly deemed as acting in concert because they "are selling identical plush bear and accompanying doll sets incorporating the Masha and The Bear Marks and Copyrighted Works with identical product descriptions and photographs." Accordingly, Plaintiff avers that "Defendants are the same person, related persons, or acting in concert with one another such as utilizing the same fraudulent marketing material and/or obtaining the counterfeit product from a common source." As Defendants are likely to transfer or conceal their assets to avoid payment of a monetary judgment, should the Court enter one, Plaintiff claims that it has no adequate remedy at law, is suffering irreparable injury, and has suffered substantial damages from Defendants' misuse of Plaintiff's trademarks and copyrights. Accordingly, Plaintiff seeks wide-ranging injunctive relief.

Plaintiff further avers that it hired a third-party investigator "to access Defendants' Internet

based e-commerce stores operating under each of the Seller IDs." (ECF No. 23-2). That investigator "initiated orders from each Seller IDs for the purchase of various products, all bearing, or suspected of bearing, counterfeits of, at least one of the Masha and The Bear Marks or Copyrighted Works and requested each product to be shipped to an address in the Southern District of Florida." Based on this information, Plaintiff avers that "Defendants' Goods are being promoted, advertised, offered for sale, and sold by Defendants within this district and throughout the United States."

## II.   PROCEDURAL HISTORY

On June 23, 2023, the Court entered an Order granting Plaintiff's request for a TRO, temporarily restraining Defendants from infringing Plaintiff's trademarks and copyrighted works at issue. (ECF No. 25). Pursuant to the Court's Order, Plaintiff properly served Defendants with a copy of the Amended Complaint together with copies of the *Ex Parte* Application for Entry of Temporary Restraining Order, the Court's TRO, the Sealed Order setting hearing on Plaintiff's Motion for Preliminary Injunction, and all other pleadings and orders issued in this action, thereby providing notice and copies of all documents on file in this action. (ECF No. 32).

Now, Plaintiff asks the Court to enter a preliminary injunction against Defendants and an order restraining financial accounts used by Defendants. *See generally* Mot. The Court referred the Motion to Magistrate Judge Louis, who entered an R&R recommending the Court grant Plaintiff's Motion for Preliminary Injunction. *See* R&R.

## III.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party

files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Federal Rule of Civil Procedure 65 authorizes the Court to enter a preliminary injunction. Fed. R. Civ. P. 65. To obtain a preliminary injunction, a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–1226 (11th Cir. 2005) (citation omitted).

## IV.   DISCUSSION

In the R&R, Magistrate Judge Louis finds that Plaintiff demonstrates (1) a substantial likelihood of success on the merits, (2) that it is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction, (3) the threatened injury to Plaintiff outweighs the potential harm to Defendants, and (4) that entry of a preliminary injunction would serve the public interest. *See generally* R&R. Accordingly, the R&R recommends this Court grant Plaintiff's Motion for Preliminary Injunction. *See id.* at 9.

In the R&R, Magistrate Judge Louis finds that Plaintiff demonstrates a substantial likelihood of success on the merits because: (1) Plaintiff has shown ownership of its trademark rights in certain trademarks; (2) Defendants do not have authorization to use Plaintiff's trademarks; (3) the evidence strongly suggests that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of products bearing counterfeits, reproductions, or colorable imitations of Plaintiff's trademarks; and (4) Plaintiff's evidence suggests that the products Defendants are selling and promoting are copies of Plaintiff's products that bear copies of Plaintiff's trademarks. R&R at 6–7.

Next, Magistrate Judge Louis finds that Plaintiff is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction. *Id*. at 7. Specifically, the R&R notes that "Defendants are advertising, offering to sell, and selling counterfeit goods bearing Plaintiff's trademarks, as well as goods which are clearly intended to mimic Plaintiff's trademarks. *Id.* Further, the R&R states that "there is good cause to believe that consumers may be misled, confused, or disappointed by the quality of these products, and that Plaintiff may suffer reputational harm as a result." *Id.*

Magistrate Judge Louis also finds that the potential harm to Plaintiff's reputation and goodwill as owner of the infringed-upon trademarks outweighs the potential harm to Defendants resulting from the restraint of Defendants' trade in counterfeit goods bearing those marks. *Id.* at 8. Lastly, the R&R finds that the public has an interest in not being misled as to the origin, source, or sponsorship of trademarked products. *Id*.

In addition, the R&R finds that there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of the Court unless those assets are restrained. *Id.* at 8–9.

6

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Louis's findings.

## V. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 39) is ADOPTED. Plaintiff's Motion (ECF No. 23) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of September, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record